IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DELWOOD EQUIPMENT &
FABRICATION COMPANY,

       Plaintiff,

v.            CIVIL ACTION NO.   2:16-cv-01843

MATEC IN AMERICA, A DIVISION OF
GLOBAL EQUIPMENT MKTG, INC.,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is Defendant's Motion to Dismiss (ECF No. 8). For the following reasons, this motion is **DENIED**.

*I. BACKGROUND*

   This action arises out of a complaint Plaintiff Delwood Equipment & Fabrication Company, Inc. ("Delwood") filed in the Circuit Court of Kanawha County, West Virginia on January 19, 2016. Defendant Matec in America, a division of Global Equipment Mktg, Inc. ("Matec") filed a timely notice of removal on February 25, 2016.

   Delwood's Complaint alleges that the two parties entered into a Dealer Sales Agreement (the "Agreement") in Kanawha County on February 15, 2012 and that Matec breached this Agreement by failing to make required commission payments. (Complaint, ECF No. 1-2 ¶¶ 3-4.) The Complaint purports to have a copy of the Agreement attached as an Exhibit. (*Id.* ¶ 3.) Matec's Answer denies that the parties ever entered the Agreement and claims that the purported

Agreement was not attached as an exhibit to the Complaint it was served. (Answer, ECF No. 5 ¶¶ 3, 9.) Matec now moves to dismiss the Complaint for insufficient process, insufficient service of process, and lack of personal jurisdiction.[1]

## II. LEGAL STANDARD

### A. Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to seek dismissal in the event of "insufficient service of process." Fed. R. Civ. P. 12(b)(5). When service of process occurred prior to removal, state law governs whether service was proper. *Wolfe v. Green*, 660 F. Supp. 2d 738, 745–46 (S.D. W. Va. 2009) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993)). After removal, attempts to serve process are governed by the Federal Rules. Fed. R. Civ. P. 81(c)(1); *see also Hager v. Star Transp., Inc.*, No. 2:11-CV-00618, 2012 WL 3139465, at *1 (S.D. W. Va. Aug. 1, 2012). Under West Virginia and federal law, the plaintiff has the burden of showing service was proper. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 651 (S.D. W. Va. 2012); *Childress v. Thompson*, 489 S.E.2d 499, 502 (W. Va. 1997).

### B. Insufficient Process

Matec correctly notes that courts do not always clearly distinguish between the defenses of insufficient process and insufficient service of process. *See Miller v. Mariner Fin., LLC*, No. 3:10-CV-33, 2010 WL 2365400, at *3 (N.D. W. Va. June 8, 2010) (analyzing Rule 12(b)(4) and

---

[1] Matec's basis for claiming a lack of personal jurisdiction is premised entirely on the alleged insufficient service of process. Matec notes that "[a]bsent a waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Given that this argument for dismissal is based on other grounds, it will not be analyzed separately.

Rule 12(b)(5) as one standard). However, where process is analyzed separately from service of process, the process analysis focuses on technical defects in the summons, such as a defendant being named incorrectly. *See Fields v. Norfolk & S. Ry. Co.*, 924 F. Supp. 2d 702, 708-09 (S.D. W. Va. 2012); 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1353 (3d ed. 2016) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. . . . A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.").

Rule 4(a) of both the Federal Rules of Civil Procedure and the West Virginia Rules of Civil Procedure require the summons to identify the court and the parties and to be directed to the defendant. Fed. R. Civ. P. 4(a); W. Va. R. Civ. P. 4(a). Courts in this circuit give liberal construction to Rule 4 if "the process gives the defendant actual notice of the pendency of the action." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ("[W]here actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court . . . ."). West Virginia Courts also refrain from dismissing cases based on minor technical issues with the summons. See Syl. Pt. 4, *Johnson v. Huntington Moving & Storage, Inc.*, 239 S.E.2d 128, 129 (W. Va. 1977) ("An objection to a misnomer cannot be raised by a motion to dismiss under Rule 12 . . . .").

### III. DISCUSSION

*A. Insufficient Service of Process*

Matec argues that Delwood's service of process was insufficient because the copy of the Complaint it was served did not include a copy of the Agreement referenced in the Complaint and purportedly attached as an exhibit. (ECF No. 9 at 2-3.) Matec supports this with a sworn affidavit from its President, Marshall Gralnick, that when he received the summons and Complaint from the West Virginia Secretary of State, the Agreement was not attached. (ECF No. 8-1 ¶ 2.) Delwood argues that the Agreement was attached to the Complaint it served on Matec, and that service was proper under Rule 4 of the West Virginia Rules of Civil Procedure. (ECF No. 17 at 1.) Delwood also contends that even if service was initially improper, it has since cured any deficiency by providing Matec with a copy of the Agreement on June 3, 2016.[2] (*Id.* at 2.)

Because Delwood attempted service on February 20, 2016, prior to Matec's removal of the action on February 25, 2016, the propriety of service must be determined under West Virginia law. *See Wolfe*, 660 F. Supp. 2d at 745-46. Matec offers limited case law from other districts in support of the argument that an incomplete complaint could be the basis for dismissal for insufficient service of process, but neglects to address the issue under West Virginia law, and offers no specific support for the proposition that the failure to attach a contract referenced in a complaint makes the complaint incomplete.[3]

---

[2] Had service not been proper under West Virginia law prior to removal, this probably would have been an ineffective attempt to cure, given that the Federal Rules govern service after removal, Rule 4(m) provides 90 days for Plaintiffs to effect service, and this copy of the Agreement was delivered to Defendant more than 90 days after removal. Fed. R. Civ. P. 4(m). However, since service was not initially defective, the Court need not decide this issue.

[3] The cases Matec cites are all factually distinguishable from the current action. *See Furness v. Mills*, No. 2:12-CV-00256 DN, 2013 WL 3995258, at *4 (D. Utah Aug. 5, 2013) ("A complaint missing a page of alleged facts and the beginning of the first claim would likely not constitute sufficient service of process in the Utah courts."); *Cherry v. Spence*, 249 F.R.D. 226, 228-29 (E.D.N.C. 2008) (finding insufficient service of process where a plaintiff attempted service by faxing only the first page of a complaint to defendants and did not include a summons); *Sampson v. Ga.*

4

It appears that, at least under federal law, there is no requirement that a plaintiff must attach the contract he or she is suing upon. *See, e.g.*, *Howington v. John Alden Life Ins. Co.*, No. CIV.A. 14-0464, 2014 WL 1764921, at *2 (W.D. La. Apr. 30, 2014) (rejecting the argument that a party suing on an insurance contract must attach the contract to the complaint); *Ryan v. Glenn*, 52 F.R.D. 185, 192 (N.D. Miss. 1971) ("[T]he failure of plaintiffs to attach to their complaint a copy of the contract sued upon is not ground for dismissal of the complaint, since attachment of a contract sued upon is permissive only, and not mandatory."); 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1327 (3d ed. 2016) ("The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based."). Given that there is no West Virginia authority to the contrary, and that the West Virginia Rule providing for the attachment of exhibits to a complaint, Rule 10(c), is virtually identical to its federal counterpart, this authority is persuasive that a party need not attach the document it is suing upon to its complaint in West Virginia. *See* Syl. Pt. 3, *Brooks v. Isinghood*, 584 S.E.2d 531 (W. Va. 2003) ("A federal case interpreting a federal counterpart to a West Virginia rule of procedure may be persuasive, but it is not binding or controlling.").

Delwood served Matec through the West Virginia Secretary of State, a method provided for under the West Virginia Rules, and Matec does not challenge this method. W. Va. R. Civ. P. 4(c)(3)(C). While Delwood does not provide case law interpreting Rule 4 under the West Virginia

---

*Dep't of Juvenile Justice*, 760 S.E.2d 203, 209 (Ga. Ct. App. 2014) (affirming a trial court's dismissal for insufficient service of process where the complaint served on the defendant was missing pages containing allegations, because the defendant could not properly admit or deny allegations it did not have); *Faulknor v. Virgin Islands*, 60 V.I. 55, 73-74 (V.I. Super. 2014) (noting that "service of a partial complaint may be insufficient, particularly where the missing pages do not place a defendant on notice of all allegations against them").

5

Rules, it points the Court to persuasive case law interpreting Rule 4 under the Federal Rules which instructs that "[g]enerally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) and *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *see* Syl. Pt. 3, *Brooks*, 584 S.E.2d 531. Additionally, the Supreme Court of Appeals of West Virginia has noted that when it adopted the Rules of Civil Procedure, it "intended that all of these rules be construed liberally and fairly." *Sorsby v. Turner*, 499 S.E.2d 300, 304 (W. Va. 1997).

Though it is Delwood's burden to prove service was proper, it does not appear that Matec has offered a proper basis for challenging service of process under West Virginia law. The nearly identical Federal Rules do not require plaintiffs to attach the documents they are suing on to their complaints, and there is no authority for the proposition that the West Virginia Rules make this a requirement. Even assuming that the Agreement was not attached to the Complaint when it was initially served on Matec, service was not insufficient. Accordingly, insufficient service of process is not a proper ground for dismissal.

### B. Insufficient Process

Matec's argument for insufficient process is identical to its insufficient service of process argument. Matec notes that the law is unclear on the difference between the two defenses, and thus it brings its motion under both defenses "out of an abundance of caution." (ECF No. 9 at 3, n.2.) The Court concludes that Matec's argument is more appropriately construed as an insufficient service of process defense. Matec's allegations deal with the allegedly incomplete

6

nature of the Complaint as originally served, rather than any issue with the summons. Accordingly, insufficient process is not an appropriate ground for dismissal.

## IV. CONCLUSION

Matec has not demonstrated a proper basis for dismissal for either insufficient service of process or insufficient process. Because Matec's challenge to the Court's personal jurisdiction rested entirely upon those arguments, that challenge is also not a proper basis for dismissal. Accordingly, based on the foregoing, Matec's Motion to Dismiss (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 17, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE